IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LANELL SMITH, ET AL** | * | **CIVIL ACTION** |
| | * | |
| Plaintiffs | * | NO. 2:18-cv-9464 |
| | * | |
| **VERSUS** | * | **JUDGE: WENDY VITTER** |
| | * | |
| **MICHAEL TENSLEY, ET AL** | * | **MAGISTRATE JUDGE:** |
| | * | **DANA DOUGLAS** |
| Defendants | * | |

*************************************************************************

## MEMORANDUM IN RESPONSE TO ORDER DOC. [26] FOR PURPOSES OF DIVERSITY JURISDICTION

Plaintiffs Lanell Smith, et al, respectfully submits this memorandum in support to Defendants Amended Notice of Removal filed by Defendant Michael Tensley, Inc., ("Defendant" or "Tensley") pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Defendant claims that this Honorable Court possesses original jurisdiction over this matter because all plaintiffs and all defendants are "completely diverse". Prior memorandum plaintiffs filed had stipulated there was no diversity jurisdiction issue, since no prior motion for remand was ever filed. Since the removal multiple acts which were unaware to plaintiffs were made, which plaintiffs believed in good faith, this brief was an opportunity to advise as well as supplement to his honorable court and judge. Nevertheless, since this brief is only specifically in connection to the amount. Please see plaintiffs' response below.

I.  LAW- Complete Diversity

Under 28 U.S.C. § 1332, federal district courts have original jurisdiction over all civil actions in which the amount in controversy exceeds $75,000 and the action is between citizens of different states. The required diversity under section 1332(a)(1) must be complete: where one or

more plaintiffs sue one or more defendants, *each* plaintiff must be of a different citizenship than *each* defendant. *Powell v. Offshore Navigation, Inc.,* 644 F.2d 1063 (5th Cir.1981), *cert. denied,* 454 U.S. 972 (1981); Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 3605. *See also Vasquez v. Alto Bonito Gravel Plant Corp.,* 56 F.3d 689, 694 (5th Cir.1995) (noting district courts are without subject matter jurisdiction when complete diversity is lacking). "For almost two centuries the diversity statute has been interpreted to require 'complete' diversity of citizenship."

## II.   ANALYSIS

Abiding by just the amount in the portion of diversity jurisdiction. Plaintiffs stipulate the amount to be over the diversity jurisdiction of $75,000.00.

## III.   CONCLUSION

Therefore, for these reasons set forth, if it is the only reason to determine remand or stay is the amount, then plaintiffs have no controversy and stipulate their claims to be valued over the diversity jurisdiction amount of $75,000.00.

Respectfully Submitted

**CERTIFICATE OF SERVICE**

**MOTTA LAW, LLC**

I hereby certify that a copy of the foregoing pleading has been served upon counsel for all parties by email, facsimile, or mailing same to each properly addressed and postage prepaid on this **11ⁿᵈ** day of Aug. 2019.

___/s/ Vanessa Motta_____

___/s/ Vanessa Motta_____

**VANESSA MOTTA**, Bar Roll #36915
3632 Canal Street
New Orleans, LA 70119
Telephone: 504-670-9490
Facsimile:   504-513-3122
Email:  vanessa@mottalaw.com